IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-103-1H
NO. 5:12-CV-466-H

VERNON GRIMES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate his conviction based upon the Fourth Circuit's decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). The government has responded, seeking dismissal of the motion, and petitioner has replied. The government also filed a supplement to its response. This matter is ripe for adjudication.

On April 16, 2009, petitioner was indicted on two counts of distributing a quantity of ecstasy in violation of 21 U.S.C. §§ 841(a)(1) and 846. On July 9, 2009, petitioner pled guilty pursuant to a written plea agreement to both counts. On November 19, 2009, the court sentenced petitioner to a term of imprisonment of 151 months. Petitioner filed a notice of appeal, but then filed a motion to withdraw his appeal, and on

February 22, 2010, the appellate court granted his motion. Therefore, at the latest, petitioner's judgment became final on that date. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review."). Petitioner then filed the instant motion to vacate on July 26, 2012, more than one year after his judgment became final.

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255(f) provides that:

A one-year limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

>  (1)  the date on which the judgment of conviction becomes final;
>
>  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f)(1)-(4).

Because petitioner filed his § 2255 motion more than one year after his judgment became final, his motion is untimely under 28 U.S.C. §2255(f)(1). On August 20, 2012, the Fourth Circuit held that the rule announced in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), upon which the Simmons court relied, is procedural and not retroactively applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012). Because Carachuri-Rosendo is not retroactively applicable to cases on collateral review, petitioner's motion cannot be deemed timely under (f)(3). Neither can petitioner's motion be deemed timely under § 2255(f)(4) which provides that the one-year limitation period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." Although under Johnson v. United States, 544 U.S. 295, 308-09 (2005), "facts" may include court rulings and the legal consequences of known facts, the court ruling must have occurred in petitioner's own case. Court rulings, such as Carachuri and Simmons, which clarify legal standards as opposed to facts affecting the petitioner's own

3

case, do not serve as "facts" triggering the provisions under § 2255(f)(4). Dailey v United States, No. 7:06-CR-36-BO, 2012 WL 5471156 (E.D.N.C. Nov. 9, 2012).

Additionally, petitioner requests that the court equitably toll the statute of limitations. The statute of limitations period for section 2255 motions is subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

The court finds there is nothing extraordinary or rare about the circumstances in which this defendant finds himself. There are many defendants in the same procedural dilemma as this defendant. Yet, the Fourth Circuit has spoken definitely in Powell, holding that Carachuri-Rosendo is not retroactively

4

applicable on collateral review and foreclosing a remedy under section 2255 for many defendants within this circuit. Finding no actual innocence claim or other extraordinary circumstances in this case, and in light of the Fourth Circuit's decision in <u>Powell</u>, the court declines to equitably toll the statute of limitations in this matter. Therefore, petitioner's motion must be dismissed as untimely.

### CONCLUSION

For the foregoing reasons, petitioner's motion to vacate is DISMISSED. Finding no substantial issue for appeal concerning the denial of a constitutional right, <u>see</u> 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 10th day of January 2013.

/s/ Malcolm J. Howard
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

5